SOLOMON B. CERA (Bar No. 099467)
THOMAS C. BRIGHT (Bar No. 169713)
CERA LLP
595 Market St. Suite 1350
San Francisco, CA 94105
Telephone: +1 (415) 777-2230
Fax: +1 (415) 777-5189
Email: scera@cerallp.com
Email: tbright@cerallp.com

DAVID A. HODGES
(Admitted *Pro Hac Vice*)
THE DAVID HODGES LAW FIRM
Centre Place
212 Center Street, Fifth Floor
Little Rock, AR 72201-2429
Telephone: +1 (501) 374-2400
Email: david@hodgeslaw.com

*Attorneys for Plaintiff and the Proposed Class*

ASHLEY M. SIMONSEN (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: +1 (424) 332-4782
Fax: +1 (424) 332-4749
Email: asimonsen@cov.com

SIMON J. FRANKEL (Bar No. 171552)
SEAN F. HOWELL (Bar No. 315967)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: + 1 (415) 591-6000
Fax: + 1 (415) 591-6091
Email: sfrankel@cov.com
Email: showell@cov.com

KATHRYN E. CAHOY (Bar No. 298777)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: + 1 (650) 632-4700
Fax: + 1 (650) 632-4800
Email: kcahoy@cov.com

*Attorneys for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DOTSTRATEGY, CO., Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FACEBOOK, INC., <br><br> Defendant. | Case No. 3:20-CV-00170-WHA <br><br> **[PROPOSED] STIPULATED PROTECTIVE ORDER** <br><br> Hon. William Alsup |

WHEREAS, it may be necessary or desirable to take discovery of information and tangible things that are believed to be confidential and proprietary by the holder thereof;

WHEREAS, the Parties hereto desire to obtain a protective order to prevent dissemination and unnecessary disclosure of such information and tangible things on the public record;

WHEREAS, such information and tangible things likely will include, among other things, sensitive, confidential, proprietary, trade secret, and/or private information; and

WHEREAS, the Parties reserve the right to seek additional protections beyond those provided in the Protective Order to the extent appropriate for any particularly sensitive documents and/or to object to their production altogether.

IT IS HEREBY STIPULATED, and subject to the Court's approval, pursuant to Federal Rules of Civil Procedure, Rule 26(c), that the following provisions govern information and tangible things in these proceedings.

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to the following Stipulated Protective Order.  The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information and tangible things that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. DEFINITIONS

2.1     <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation or non-designation of Disclosure or Discovery Material under this Stipulated Protective Order.

2.2     <u>"CONFIDENTIAL" Protected Material</u>:  Disclosure or Discovery Material that qualifies

1

for protection under Federal Rule of Civil Procedure 26(c), including but not limited to information about sensitive products and/or services, proprietary design and development materials of products and/or services, strategic decision-making information, and marketing and sales information.

2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates Protected Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5    Disclosure or Discovery Material:  all information and tangible things, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, testimony and transcripts), that are produced, disclosed or used in this matter.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee or contractor of a Party or of a Party's competitor, (3) is not a current employee or contractor of a Party's competitor, and (4) at the time of retention, is not anticipated to become an employee or contractor of a Party or of a Party's competitor.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material: sensitive "Material," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material:  sensitive "Confidential Protected Material" representing or consisting of Source Code as defined in section 2.17.

2.9    House Counsel:  attorneys who are employees of a Party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party.

2

2.12   Party:   any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   Protected Material:   any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.17   Source Code:  computer code, associated comments, and/or revision histories for computer code, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs.

**3.  SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  However, unsubstantiated media speculations or information that is only later confirmed to be accurate through access to Protected

3

Material are not "public domain" information.  Such information is explicitly included in the definition of "Protected Material" set forth in Section 2.15 above.  Any use of Protected Material at trial will be governed by a separate agreement or order.

**4.  DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States if applicable.

**5.  DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates Disclosure or Discovery Material for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  If it comes to a Designating Party's attention that Disclosure or Discovery Material that it designated for protection does not qualify for protection at all or does not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a)    for Protected Material in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material.  If the

4

Receiving Party intends to use Protected Material in documentary form in the action and believes that only a portion or portions of the material on a page qualifies for protection, the Producing Party agrees to meet and confer in good faith with the Receiving Party about removing the designation from any portion(s) that are not protected.  For Protected Material that is produced in native electronic format, the designated legend must be included in the file name and on any slipsheets when produced, and any Party when printing such Protected Material must affix the designated legend to each page of the printed copy.

(b)      for testimony given in deposition or other pretrial hearing, that the Designating Party either (1) identifies on the record or (2) identifies, in writing, within 21 calendar days of receipt of the final transcript, that the transcript must be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  If only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.  To the extent a deponent gives testimony regarding Protected Material, unless the Parties agree otherwise, that testimony must be treated in accordance with the level the Protected Material was designated regardless of whether the testimony itself receives express designation at or after the deposition.

Parties shall give the other Parties notice if they reasonably expect a deposition or other pretrial or trial proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of Protected Material as an exhibit at a deposition or other pretrial proceedings will not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material must have an obvious legend on the title page that the transcript contains Protected Material, and the title page must be followed by a list of all pages that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  During the 21-day period for designation, Parties shall treat any transcript that was not designated on the record pursuant to

5

the first paragraph of Section 5 above as if it had been designated "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" in its entirety.  After the expiration of that period or of such earlier time

that such transcript is designated, the transcript will be treated only as actually designated.

> (c)     for Protected Material produced in some form other than documentary and for any tangible things, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the Protected Material is produced or disclosed the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

5.3     Inadvertent Failures to Designate.  An inadvertent failure to designate qualified

Disclosure or Discovery Material does not waive the Designating Party's right to secure protection

under this Stipulated Protective Order for such material.  Upon correction of a designation, the

Receiving Party must make all reasonable efforts to assure that the material is treated in accordance with

the provisions of this Stipulated Protective Order, which may require a Party to withdraw access to

Protected Material that was given to a person who is not authorized to have access under the new

designation.

In the event that a Producing Party inadvertently fails to designate Protected Material, the

Producing Party shall give written notice of such inadvertent production (the "Inadvertent Production

Notice") and shall reproduce copies of the Protected Material that are labeled with the appropriate

confidentiality designation.  Upon receipt of an Inadvertent Production Notice and properly labeled

Protected Material, the Receiving Party shall promptly destroy the inadvertently produced Protected

Material and all copies thereof or return such together with all copies of such Protected Material to

counsel for the Producing Party.  Should the Receiving Party choose to destroy such inadvertently

produced Protected Material, the Receiving Party shall notify the Producing Party in writing of such

destruction within 14 calendar days of receipt of written notice of the Inadvertent Production Notice and

properly labeled Protected Material.  This provision is not intended to apply to any inadvertent

production of any document, material, or testimony protected by attorney-client or work product

privileges.

### 6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order.  The Parties must attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 calendar days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall, within seven days after the meet and confer process described in the preceding paragraph, file a letter no longer than three pages (with up to twelve pages of attachments) summarizing the requested relief, in accordance with the Court's procedures for disputes relating to discovery matters.  The Challenging Party's failure to file its challenge with the Court will result in the Protected Material being designated as requested by the Designating Party.  The Designating Party may also file a letter relating to its designation.  The burden of persuasion in any such challenge is on the Designating Party.  Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or

7

impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to

sanctions.  All Parties shall continue to afford the material in question the level of protection to which it

is entitled under the Designating Party's designation until the Court rules on the challenge.

**7.   ACCESS TO AND USE OF PROTECTED MATERIAL**

   7.1   <u>Basic Principles</u>.

          (a)   A Receiving Party may use Protected Material only for prosecuting, defending, or

attempting to settle this litigation and associated appeals.

          (b)   Protected Material may be disclosed only to the categories of persons and under

the conditions described in this Stipulated Protective Order.

          (c)   A Receiving Party must comply with the provisions of Section 15 below (FINAL

DISPOSITION) for the Duration of this Stipulated Protective Order.

          (d)   A Receiving Party must store and maintain Protected Material at a location and in

a secure manner that ensures that access is limited to the persons authorized under this Stipulated

Protective Order.

   7.2   <u>Disclosure of "CONFIDENTIAL" Protected Material</u>.  Unless otherwise ordered by the

Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected

Material designated "CONFIDENTIAL" only to:

          (a)   the Receiving Party's Outside Counsel of Record in this action, as well as

employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information

for this litigation;

          (b)   the officers, directors, and employees (including House Counsel) of the Receiving

Party to whom disclosure is reasonably necessary for this litigation and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

          (c)   Experts (as defined in this Stipulated Protective Order) retained by the

Designating Party and their staff, which may be shown, or examined on, any information, document, or

thing designated "CONFIDENTIAL" by the Designating Party;

          (d)   Experts (as defined in this Stipulated Protective Order) of the Receiving Party (1)

to whom disclosure is reasonably necessary for this litigation, (2) who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A) (which shall not be discoverable by the Producing Party until after the Expert has been disclosed), and (3) who the Receiving Party's counsel has certified meets all requirements set forth in paragraph 2.6 above;

(e)     the Court and its personnel, and any appellate court or other court (and their personnel) before which the Parties appear in this action;

(f)     stenographic reporters and videographers and their respective staff who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)     during a deposition or hearing, witnesses and deponents in the action to whom the questioning counsel in good faith believes disclosure is reasonably necessary, provided that the witness or deponent first signs the "Acknowledgement and Agreement to Be Bound" (Exhibit A).  Counsel for the Designating Party agrees to ask the witness or deponent to sign, and to not discourage the witness or deponent from signing, such Acknowledgement and Agreement to Be Bound;

(i)     the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material;

(j)     a witness during a hearing or a deposition who is a current employee of the Designating Party or who appears, based upon the document itself or testimony in a deposition, to have specific knowledge of the contents of the document;

(k)     any other person to whom the Designating Party has consented to disclosure in advance;

(l)     such other persons as to whom the Parties may agree or may be ordered by the Court;

(m)     private special masters or discovery referees appointed by the Court who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and

(n)     private mediators or settlement officers, and their personnel, mutually agreed upon by the Parties or assigned to this matter who have signed the "Acknowledgement and Agreement

9

to Be Bound" (Exhibit A).

       7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

       (a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

       (b)    No more than three (3) Designated House Counsel of the Receiving Party (and up to four (4) paralegals or similar support staff) to whom disclosure is reasonably necessary for this litigation;

       (c)    Experts (as defined in this Stipulated Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) (which shall not be discoverable by the Producing Party until after the Expert has been disclosed), and (3) who the Receiving Party's counsel has certified meets all requirements set forth in paragraph 2.6 above;

       (d)    the Court and its personnel, and any appellate or other court (and their personnel) before which the Parties appear in this action;

       (e)    stenographic reporters and videographers and their respective staff who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

       (f)    professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

       (g)    persons who prepared, received, or reviewed the Protected Material prior to its production;

       (h)    the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material;

       (i)    a witness during a hearing or a deposition who is a current employee of the

Designating Party or who appears, based on the document itself or testimony in a deposition, to have specific knowledge of the contents of the document;

(j)     any other person as to whom the Designating Party has consented to disclosure in advance;

(k)     such other persons as to whom the Parties may agree or may be ordered by the Court;

(l)     private special masters or discovery referees appointed by the Court who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and

(m)     private mediators or settlement officers, and their personnel, mutually agreed upon by the Parties or assigned to this matter who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

7.4     Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     up to three Experts (as defined by this Stipulated Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) (which shall not be discoverable by the Producing Party until after the Expert has been disclosed), and (3) who the Receiving Party's counsel has certified meets all requirements set forth in paragraph 2.6 above;

(c)     the Court and its personnel, and any appellate or other court (and their personnel) before which the Parties appear in this action;

(d)     stenographic reporters and videographers and their respective staff who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(e)     professional jury or trial consultants (but not mock jurors) who have signed a

11

confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A)

(f)     persons who prepared, received, or reviewed the Protected Material prior to its production;

(g)     the author or recipient of a document containing the Protected Material or a custodian who otherwise possessed or knew the Protected Material;

(h)     a witness during a hearing or a deposition who is a current employee of the Designating Party or who appears, based on the Protected Material itself or testimony in a deposition, to have specific knowledge of the Protected Material;

(i)     any other person as to whom the Designating Party has consented to disclosure in advance;

(j)     such other persons as to whom the Parties may agree or may be ordered by the Court;

(k)     private special masters or discovery referees appointed by the Court who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and

(l)     private mediators or settlement officers, and their personnel, mutually agreed upon by the Parties or assigned to this matter who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

## 8.  PROSECUTION BAR

Absent written consent from the Designating Party, any individual bound by this agreement who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material must not be involved in the prosecution of patents or patent applications relating to the subject matter of the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material to which access is received before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  Prosecution includes, for example, original prosecution, reissue, and reexamination and other

12

post-grant proceedings.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a Party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, post grant review, covered business method patent review, or *inter partes* review).  This Prosecution Bar begins when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material is first received by the individual and ends two (2) years after the Duration of this action has expired.

## 9.  DISCLOSURE AND INSPECTION OF SOURCE CODE

(a)  To the extent production or disclosure of Source Code is requested in this case, a Producing Party may permit inspection of Source Code in a manner that maintains security and confidentiality of the requested Source Code.  Any Source Code that is offered for inspection must be given all protections of "HIGHLY CONFIDENTIAL – SOURCE CODE" and only individuals to whom "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material may be disclosed, as set forth in Paragraph 7.4, may inspect the Source Code.

(b)  Any Source Code to be produced or disclosed in discovery will be made available for inspection upon reasonable notice to the Producing Party, which must not be less than five (5) business days in advance of the requested inspection.  The Producing Party will bear the cost of making the discovery available for inspection to the Producing Party.  A secured computer containing the Source Code in a format allowing it to be reasonably reviewed and searched ("Source Code Computer") will be made available during normal business hours (9:00 am to 6:00 pm local time) or at other mutually agreeable times, at an office of the Producing Party's Counsel selected by the Producing Party or another mutually agreed upon location.  The Source Code inspection must occur in a room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.  All persons entering the inspection room where the Source Code is being viewed shall sign a log that includes the names of persons who enter the room and the dates and times when they enter and depart.

13

The Producing Party agrees to consider in good faith proposed modifications to the procedures set forth above in order to provide reasonable protections against COVID-19.

(c)     The Receiving Party may request paper copies of limited portions of Source Code that are reasonably necessary to attach to filings, pleadings, expert reports, or other papers, or for use as an exhibit at deposition or trial.  Under no circumstances will a Receiving Party be provided paper copies for the purposes of reviewing the Source Code as review of Source Code is only permitted electronically as set forth in paragraph (b) above.  In no case will the Receiving Party receive more than 10 consecutive pages or an aggregate of more than 100 pages of Source Code during the Duration of the case without prior written approval of the Producing Party; provided, however, that if the Receiving Party believes in good faith that a greater number of pages of Source Code is reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, the Parties shall meet and confer and the Producing Party agrees to consider in good faith the Receiving Party's request for a greater limit.  Using the software available on the Source Code Computer, the Receiving Party shall create PDFs of the printed copies the Receiving Party is requesting and save them in a folder on the desktop named "Print Requests" with a subfolder identifying the date of the request.  The PDF printouts must include identifying information including the full file path and file name, page number, line numbers, and date. The request for printed Source Code must be served via an email request identifying the subfolders of the "Print Requests" folder that the Receiving Party is requesting.  Within five (5) business days of such request, the Producing Party shall provide one copy of all such Source Code on non-copyable paper including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE."  If the request is served after 6:00pm Pacific Time, it will be deemed served the following business day.  The Requesting Party may challenge the amount of Source Code to be provided in hard copy form pursuant to the dispute resolution procedure set forth in Section 6.

(d)     The Receiving Party shall maintain a log of all paper copies of the Source Code. The log must include the names of all reviewers and recipients of paper copies and locations where each paper copy is stored.  Upon one (1) day's advance written notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.  The Receiving Party shall maintain all paper copies of any printed portions of the Source Code in accordance with Section 9(h)

14

below.   The Receiving Party is prohibited from creating any electronic or other images or making electronic copies of the Source Code from any paper copy of the Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code) and must not convert any of the Protected Material contained in the paper copies into any electronic format.   Images or copies of Source Code must not be included in correspondence between the Parties (references to production numbers must be used instead) and must be omitted from pleadings and other papers.   The Receiving Party may only request additional paper copies if such additional copies are (1) necessary to attach to court filings, pleadings, or other papers (including a testifying Expert's expert report), (2) necessary for deposition, or (3) necessary for the preparation of its case for trial.   The Receiving Party shall not request paper copies for the purposes of reviewing the Source Code other than electronically as set forth in paragraph (b) in the first instance.   To the extent a deposition is likely to involve Source Code, the Party taking the deposition shall provide at least seven (7) calendar days written notice of that fact, and the Producing Party will make a Source Code Computer available at the deposition, minimizing the need for additional paper copies of Source Code.   The Producing Party is not required to create a new Source Code Computer for the purpose of depositions.   Any paper copies used during a deposition will be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.   The Producing Party agrees to consider in good faith proposed modifications to the procedures set forth above in order to provide reasonable protections against COVID-19.

(e)   The Producing Party shall install tools that are sufficient for viewing the Source Code produced for inspection on the Source Code Computer.   The Receiving Party's Outside Counsel and/or experts/consultants may request that commercially available software tools for viewing and searching Source Code be installed on the Source Code Computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.   The Producing Party shall approve reasonable requests for additional commercially available software tools.   The Receiving Party must provide the Producing Party with the CD, DVD, file path, or Advanced Package Tool package

15

containing such licensed software tool(s) at least six (6) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.  The Producing Party shall make reasonable attempts to install the requested software but will not be held responsible for the proper setup, functioning, or support of any software requested by the Receiving Party.  By way of example, the Producing Party will not compile or debug software for installation.

(f)     No recordable media or recordable devices, including, without limitation, sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, will be permitted into the Source Code review room; provided, however, that the Producing Party shall provide a telephone number where the Receiving Party's Outside Counsel and/or experts/consultants reviewing Source Code may be reached in case of emergency during the course of the review.

(g)     The Receiving Party's Outside Counsel and/or experts/consultants will be entitled to take hand-written notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

(h)     The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code and any notes taken during the inspection of the Source Code that reveal the substance or content of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.  No more than a total of three (3) persons[1] identified by the Receiving Party, excluding Outside Counsel, may have access to the Source Code.

## 10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

10.1     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material designated in this action as "CONFIDENTIAL," "HIGHLY

---

[1]   For the purpose of this provision, a "person" does not include an individual's employees, staff, partners, consultants, or any other direct or indirect reports.

16

CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:

> (a)    promptly notify in writing the Designating Party.  Such notification must include a copy of the subpoena or court order;

> (b)    promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.  Such notification must include a copy of this Stipulated Protective Order; and

> (c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order or seeks to quash the subpoena, the Party served with the subpoena or court order must not produce any Disclosure or Discovery Material designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission to produce the subpoenaed Protected Material.  The Designating Party bears the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.  Any agreement by a Designating Party that Protected Material may be produced in response to a subpoena does not in any way waive the protections this Stipulated Protected Order provides against disclosure in any other litigation.

10.2    The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

**11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

> (a)   Any discovery requests, including subpoena and deposition notices, propounded to Non-Parties must be accompanied by a copy of this Stipulated Protective Order.

> (b)   The terms, remedies, and relief provided by this Stipulated Protective Order are

17

applicable to Disclosure or Discovery Material produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(c)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; and

2.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested.

3.   make the information requested available for inspection by the Non-Party.

(d)   If the Non-Party fails to object or seek a protective order from this court within a reasonable period of time after receiving the notice and accompanying information, including but not limited to any contractual notice period in an agreement between the Producing Party and the Non-Party covering the confidentiality and/or disclosure of the information requested (which contractual notice period shall be disclosed to the Receiving Party), the Producing Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b)

18

use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

The Parties have agreed to and the Court has entered a separate Order under Fed. R. Evid. 502(d) that governs the production of documents protected from discovery.

**14. MISCELLANEOUS**

14.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any Disclosure or Discovery Material on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    <u>Export Control</u>.  The Protected Material disclosed by the Producing Party may contain technical data subject to export control laws and therefore the release of such technical data to foreign persons or nationals in the United States or elsewhere may be restricted.  The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance with applicable export control laws.

No Protected Material may leave the territorial boundaries of the United States of America.  Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form.  The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited.  The restrictions contained within this paragraph may be amended through the express written consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.  Nothing in this paragraph is intended to remove any obligation that may otherwise exist to produce documents currently located in a foreign country.

19

14.4    <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

## 15. FINAL DISPOSITION

Within 60 calendar days after the final disposition of this action and receipt of written notice of the Producing Party, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material, with the exception of paper copies of Source Code.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**16. OTHER PROCEEDINGS**

By entering this Stipulated Protective Order and limiting the disclosure of Disclosure or Discovery Material in this case, the Court does not intend to preclude another court from finding that Disclosure or Discovery Material may be relevant and subject to disclosure in another case.  Any person or Party subject to this order who becomes subject to a motion to disclose another Party's information shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that Protected Material should be disclosed.

**IT IS SO STIPULATED.**

[PROPOSED] STIPULATED PROTECTIVE ORDER                    Case No.: 3:20-cv-00170-WHA

1

DATED:  February 8, 2021

Respectfully submitted,

2

By:  */s/ Thomas C. Bright*
　　　 Thomas C. Bright

3

By:  */s/ Ashley M. Simonsen*
　　　 Ashley M. Simonsen

4

SOLOMON B. CERA (Bar No. 99467)
THOMAS C. BRIGHT (Bar No.
　 169713)
CERA LLP
595 Market Street, Suite 1350
San Francisco, CA 94105
Telephone: +1 (415) 777-2230
Facsimile: +1 (415) 777-5189
Email: scera@cerallp.com
Email: tbright@cerallp.com

ASHLEY M. SIMONSEN (Bar No.
　 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: +1 (424) 332-4782
Facsimile: +1 (424) 332-4749
Email: asimonsen@cov.com

5

6

7

8

-and-

9

By:  */s/ David A. Hodges*
DAVID A. HODGES (Admitted *Pro*
　 *Hac Vice*)
THE DAVID HODGES LAW FIRM
212 Center Street, 5th Floor
Little Rock, AR 72201
Email: david@hodgeslaw.com

SIMON J. FRANKEL (Bar No. 171552)
SEAN F. HOWELL (Bar No. 315967)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091
Email: sfrankel@cov.com
Email: showell@cov.com

10

11

12

13

14

*Attorneys for Plaintiff
and the Proposed Class*

KATHRYN E. CAHOY (Bar No.
　 298777)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: + 1 (650) 632-4700
Facsimile: + 1 (650) 632-4800
Email: kcahoy@cov.com

15

16

17

18

19

*Attorneys for Defendant Facebook, Inc.*

20

21

22

23

24

25

26

27

28

22

1

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has

been obtained from each of the signatories hereto.


By: _____/s/ Ashley M. Simonsen_____
                    ASHLEY M. SIMONSEN

*Attorney for Defendant Facebook, Inc.*



**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


Dated: _____          By: _____
                                                        Hon. William Alsup
                                                        United States District Judge

23

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

DOTSTRATEGY, CO., Individually and On Behalf of All Others Similarly Situated,

                  Plaintiff,

          v.

FACEBOOK, INC.,

                  Defendant.

)
)
)
)
)
)
)
)
)
)

Case No. 3:20-CV-00170-WHA

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in above-captioned case.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed name: _____

Title: _____

Address: _____

Signature: _____

Date: _____

1