| | |
|---|---|
| SOLOMON B. CERA (Bar No. 099467)<br>THOMAS C. BRIGHT (Bar No. 169713)<br>CERA LLP<br>595 Market St. Suite 1350<br>San Francisco, CA 94105<br>Telephone: +1 (415) 777-2230<br>Fax: +1 (415) 777-5189<br>Email: scera@cerallp.com<br>Email: tbright@cerallp.com<br><br>DAVID A. HODGES<br>(Admitted *Pro Hac Vice*)<br>THE DAVID HODGES LAW FIRM<br>Centre Place<br>212 Center Street, Fifth Floor<br>Little Rock, AR 72201-2429<br>Telephone: +1 (501) 374-2400<br>Email: david@hodgeslaw.com<br><br>*Attorneys for Plaintiff and the Proposed Class* | ASHLEY M. SIMONSEN (Bar No. 275203)<br>COVINGTON & BURLING LLP<br>1999 Avenue of the Stars<br>Los Angeles, CA 90067-4643<br>Telephone: +1 (424) 332-4782<br>Fax: +1 (424) 332-4749<br>Email: asimonsen@cov.com<br><br>SIMON J. FRANKEL (Bar No. 171552)<br>SEAN F. HOWELL (Bar No. 315967)<br>COVINGTON & BURLING LLP<br>Salesforce Tower<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105-2533<br>Telephone: + 1 (415) 591-6000<br>Fax: + 1 (415) 591-6091<br>Email: sfrankel@cov.com<br>Email: showell@cov.com<br><br>KATHRYN E. CAHOY (Bar No. 298777)<br>COVINGTON & BURLING LLP<br>3000 El Camino Real<br>5 Palo Alto Square, 10th Floor<br>Palo Alto, CA 94306-2112<br>Telephone: + 1 (650) 632-4700<br>Fax: + 1 (650) 632-4800<br>Email: kcahoy@cov.com<br><br>*Attorneys for Defendant Facebook, Inc.* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DOTSTRATEGY, CO., Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FACEBOOK, INC.,<br><br>    Defendant. | Case No. 3:20-CV-00170-WHA<br><br>**STIPULATED REMOTE VIDEO DEPOSITION PROTOCOL AND [PROPOSED] ORDER**<br><br>Hon. William Alsup |

Through their respective counsel, Plaintiff dotStrategy, Co. and Defendant Facebook, Inc. (together, the "Parties") hereby agree to the following protocol for conducting depositions remotely using videoconference technology in the pending litigation captioned *dotStrategy, Co. v. Facebook, Inc.*, Case No. 3:20-cv-00170-WHA (N.D. Cal.). This agreement is not intended to act as a waiver of any party's rights or protections, nor is it intended to act as a waiver of the applicable procedures under the Federal Rules of Civil Procedure. Nothing in this protocol in any way modifies the Protective Order in effect in this case, with which the parties must comply.

**A.    Prior to the Deposition**

1. At least **two** business days prior to the scheduled deposition, counsel taking the deposition will advise opposing counsel of the remote deposition vendor assisting in taking the deposition along with contact information for such vendor.

2. At least **five** calendar days prior to the scheduled deposition, counsel taking the deposition will advise opposing counsel of the method counsel intends to use to display or provide documents to the witness during the deposition.

3. Any party who wishes the deponent to use hard copies of documents as exhibits during the deposition is responsible for ensuring that copies of those documents are received by the deponent **one** business day prior to the deposition. The party representing the deponent shall provide the correct address for such delivery by FedEx, UPS, or other delivery service no later than **three** business days prior to the deposition. All documents provided in hard copy to a deponent shall simultaneously be transmitted to all counsel and the court reporter designated to attend that deposition by hard copy (for arrival **one** business day prior to the deposition. Hard copy documents may be sealed in envelopes or other packaging for opening on camera during the deposition by the witness and all counsel.

4. Any party who wishes the deponent to use electronic copies of documents as exhibits during the deposition (pursuant to the procedures set forth in Subsection B.14) need not share copies in advance of the deposition.

**B.     During the Deposition**

1. The deposition must be conducted by secure audio and video conferencing technology that requires secure access by each participant.  The deposition shall not commence until each deposition attendee, including all lead counsel, has announced his or herself and has joined the electronic "room" in which the deposition will take place and audio and video are functioning properly.

2. The deponent must appear on video with his or her face visible throughout the deposition, except during breaks on the record.  Lead counsel for each party must also appear on video throughout questioning with their faces visible; other attendees for each party must be clearly announced before questioning begins, but may appear by audio only (unless they are in the same room as deponent, in which case they must comply with Subsection B.3 below).

3. If counsel who is representing the deponent is in the same room as deponent, counsel must clearly announce that they are present in the room with the deponent on the record, before questioning begins, as must any other attendee in the room with deponent.  Any attendee in the same room with the deponent must appear on video with faces visible throughout questioning.  If, during questioning, anyone (whether an attendee or otherwise) enters the same room as deponent, the deponent must promptly notify the deposition attendees on the record that someone has entered the room, identify the person, and announce when that person exits the room.

4. The court reporter will administer the oath to the deponent remotely by means of the video and audio connection.  The oath may be administered from outside the jurisdiction of the witness.

5. No one other than the remote deposition vendor, court reporter, and/or videographer may record the deposition by video or audio means.

6. To ensure optimal audio quality and minimize the risk of disruption, all attorneys or other attendees who are not questioning the deponent or lodging an objection shall

mute their microphones unless and until they are required to speak or lodge an objection.

7. Each party has the right to be present on video and to have clear audio input and output.  Once the deposition begins, if a lead counsel becomes disconnected from the deposition, either by audio, video, or both, that fact shall be noted on the record as soon as the parties become aware of that issue and the deposition must immediately be suspended until that attorney has re-joined and has full access to both audio and video.  The suspended time will not count against the time limitations in the Federal Rules of Civil Procedure.

8. The court reporter and videographer will provide a telephone number for use by the attendees to inform the court reporter or videographer if a lead counsel becomes disconnected or is otherwise experiencing technical difficulties.

9. Any portion of the deposition that has been transcribed while a lead counsel is absent or experiencing technical difficulties must be re-read by the court reporter or videographer upon the resolution of the technical difficulty and that attorney must be given an opportunity to object to any questions or answers that occurred in his or her absence.

10. During the conduct of the deposition, to avoid the difficulties posed by simultaneous speaking over an internet video and audio connection, counsel and the deponent will not interrupt each other and will strive to allow a pause between the conclusion of one person speaking and another person speaking.

11. If at any time the court reporter indicates that he or she is unable to effectively transcribe the deposition due to technical difficulties, the deposition shall be paused, and the parties will attempt to resolve those issues.  The suspended time will not count against the time limitations in the Federal Rules of Civil Procedure.  If the technical difficulties cannot be resolved to the satisfaction of the court reporter, the deposition shall be suspended.  The same rule applies to any technical difficulty that prevents the deponent or any lead counsel from hearing or seeing the deposition.  If

the concerns cannot be resolved, then the deposition shall be suspended until the concerns are resolved by the Court or through other means.  The court reporter shall at all times be visible on video so as to best ensure that the reporter is connected to the deposition.

12. The remote deposition vendor may make available a secure breakout room that may not be accessed by opposing counsel.  Conversations in the breakout room shall not be recorded by any means.  Each party may also make their own breakout arrangements (e.g., a separate conference line).  During these private conferences or other breaks, the main videoconference feed will remain "live."

13. There will be no communication by any counsel with the deponent during actual questioning by text, chat, or otherwise, except those communications on the record, and any text/chat function in the videoconference technology used to host the deposition shall, if possible, be disabled.  Counsel for the deponent and other parties participating in the deposition are forbidden from sending private messages to or using any private "chat" features with the deponent during questioning sessions.

14. Lead counsel may display documents to the deponent during the deposition via electronic means.  However, before questioning a witness about the document, counsel must first identify that document for the record, assign it a unique exhibit number, and provide a copy of the document to all other lead counsel and the witness electronically via secure FTP site, ShareFile, or other secure means.  For any Excel document produced to opposing counsel in native format that counsel plans to use during the deposition, counsel will introduce the produced slip sheet noting that the document was produced in native format, together with the native file, as one exhibit.

15. If, during the course of questioning, a deponent wishes to review a document that is being displayed, the questioning counsel shall display or make available all portions of the document requested by the deponent (or give the witness the ability to scroll through the document electronically if no hard copies were provided to the deponent).

16. If, during the course of questioning, a deponent wishes to review a document that is not being displayed or referenced on the record, because, for example, the deponent wishes to review a document to refresh his or her recollection, the deponent must first state their intent to do so, and fully identify the document that the deponent wishes to review, prior to beginning their review.  The document must be uploaded via secure FTP site, ShareFile, or other secure electronic means and available to all lead counsel.

C. **At the Conclusion of the Deposition**

1. It is the obligation of any questioning counsel who uses a document with the deponent to provide a copy of the document in the form used with the deponent to the court reporter within **one** business day (if provided electronically) or **three** business days (if provided in hard copy) of the deposition's conclusion, if a copy of that document was not provided to the parties and the court reporter in advance of the deposition.  The questioning counsel shall simultaneously provide these documents to all counsel electronically via secure FTP site, ShareFile, or other secure means.

2. If a deponent requests the opportunity to review a hard copy of their deposition transcript for transcription errors, the period of time allowed for such review will not commence until after receipt of the hard copy by the deponent.

3. The parties stipulate that no deponent shall be required to have execution of the errata sheet notarized in order to be deemed effective.

D. **Application of Protocol**

1. The parties agree that, in light of the COVID-19 pandemic, this protocol shall by default apply to depositions taken in this action.  The parties agree to meet and confer in the future regarding the safety and propriety of holding any particular deposition in-person, taking into account all relevant factors including containment of the COVID-19 pandemic and the individual circumstances of the parties, their counsel, and the deponent.

**IT IS SO STIPULATED.**

DATED: February 18, 2021

Respectfully submitted,

By: */s/ Thomas C. Bright*
Thomas C. Bright

SOLOMON B. CERA (Bar No. 99467)
THOMAS C. BRIGHT (Bar No. 169713)
CERA LLP
595 Market Street, Suite 1350
San Francisco, CA 94105
Telephone: +1 (415) 777-2230
Facsimile: +1 (415) 777-5189
Email: scera@cerallp.com
Email: tbright@cerallp.com

-and-

By: */s/ David A. Hodges*
DAVID A. HODGES (Admitted *Pro Hac Vice*)
THE DAVID HODGES LAW FIRM
212 Center Street, 5th Floor
Little Rock, AR 72201
Email: david@hodgeslaw.com

*Attorneys for Plaintiff and the Proposed Class*.

By: */s/ Ashley M. Simonsen*
Ashley Simonsen

ASHLEY M. SIMONSEN (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: +1 (424) 332-4782
Facsimile: +1 (424) 332-4749
Email: asimonsen@cov.com

SIMON J. FRANKEL (Bar No. 171552)
SEAN F. HOWELL (Bar No. 315967)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091
Email: sfrankel@cov.com
Email: showell@cov.com

KATHRYN E. CAHOY (Bar No. 298777)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: + 1 (650) 632-4700
Facsimile: + 1 (650) 632-4800
Email: kcahoy@cov.com

*Attorneys for Defendant Facebook, Inc.*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the signatories hereto.

By: */s/ Ashley M. Simonsen*
ASHLEY M. SIMONSEN

*Attorney for Defendant Facebook, Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: February 22, 2021

By: [signature]
Hon. William Alsup
United States District Judge