ASHLEY M. SIMONSEN (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: +1 (424) 332-4782
Facsimile: +1 (424) 332-4749
Email: asimonsen@cov.com

SIMON J. FRANKEL (Bar No. 171552)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091
Email: sfrankel@cov.com

KATHRYN E. CAHOY (Bar No. 298777)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: + 1 (650) 632-4700
Facsimile: + 1 (650) 632-4800
Email:  kcahoy@cov.com

*Attorneys for Defendant Facebook, Inc.*

## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DOTSTRATEGY, CO.,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Civil Case No.: 3:20-cv-00170-WHA<br><br>**DECLARATION OF BRUNO BIJNENS IN SUPPORT OF DEFENDANT FACEBOOK, INC.'S RESPONSE IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PLAINTIFF'S EXPERT REPORT OF ROBERT KNEUPER, PH.D.**<br><br>Hearing: TBD<br>Courtroom: 12 (19th Floor) |

DECLARATION OF BRUNO BIJNENS IN SUPPORT OF DEFENDANT FACEBOOK, INC.'S RESPONSE IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PLAINTIFF'S EXPERT REPORT OF ROBERT KNEUPER, PH.D.

Case No.: 3:20-cv-00170-WHA

# DECLARATION OF BRUNO BIJNENS

I, Bruno Bijnens, declare and state as follows:

1. I am a Data Science Manager and Strategist at Facebook, Inc. ("Facebook"). Through my work, I am familiar with Facebook's business practices and procedures relating to certain types of information, discussed below, that Facebook keeps confidential and considers competitively sensitive or private user information, and its reasons for doing so. I have personal knowledge of the facts set forth herein, unless otherwise indicated. If called upon to do so, I could and would competently testify as follows.

2. I have reviewed portions of the Expert Report of Robert Kneuper, Ph.D. ("Kneuper Report") that Plaintiff has proposed to file under seal in connection with Plaintiff's motion for class certification, as well as the following documents discussed in those portions of the Kneuper Report: FBDSHR00000459-463 and Letter from Ashley Simonsen to Thomas Bright, April 1, 2021.

3. The following portions of the Kneuper Report contain hashed user IDs associated with accounts that Facebook has disabled on suspicion of being abusive fake accounts. When combined with other information in Facebook's systems, this information could be used to reverse-engineer actual user IDs.

| Portions of the Kneuper Report that Facebook Seeks to Maintain Under Seal | |
|---|---|
| Section 3.1 | Table 1 (the information in the "Hashed_User_ID" column) |

4. The following portions of the Kneuper Report contain excerpts and discussion of, or reference to documents that contain, confidential, proprietary, and commercially sensitive trade secret information regarding Facebook's databases that it uses in connection with Facebook's ads system and systems designed by Facebook to prevent, detect, enforce against, classify, and document abusive accounts. The information includes the data stored in the databases, the structure of the databases, details about the fields in these databases and what they mean, the types of advertising and fake account data that Facebook collects and stores in the databases, and how data from the databases can be aggregated, used, and interpreted.

DECLARATION OF BRUNO BIJNENS IN SUPPORT OF DEFENDANT FACEBOOK, INC.'S RESPONSE IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PLAINTIFF'S EXPERT REPORT OF ROBERT KNEUPER, PH.D.

1

Case No.: 3:20-cv-00170-WHA

| Portions of the Kneuper Report that Facebook Seeks to Maintain Under Seal | |
|---|---|
| Section 1.4 | Paragraph 3 (Sentences 2 - 5) |
| | Paragraph 4 (Sentences 1 - 2) |
| Section 3.1 | Paragraph 3 (Sentences 2 - 5) |
| | Paragraph 4 (Sentences 3 - 4) |
| | Paragraph 5 in its entirety |
| | Footnote 50 (the quoted language at the end of the footnote) |
| | Footnote 51 (the quoted language at the end of Sentence 1; Sentences 2 - 4) |
| | Footnote 54 (Sentences 2 - 8) |
| | Footnote 55 (in its entirety, except for the citation at the end of the footnote) |
| | Table 1 (the information in the "Fake Account Charges" columns and the numerical figures in the third row of the table) |
| Section 3.2 | Paragraph 1 (Sentences 2 - 4) |
| | Footnote 57 (Sentence 1 (following the citation)) |
| | Paragraph 2 (in its entirety, including all of the bullet points listed in the paragraph) |
| | Footnote 58 in its entirety |
| | Paragraph 4 (Sentences 1, 3, and all of the bullets listed in the paragraph) |
| | Footnote 59 (Sentence 1 (following the citation)) |

5. The data used and/or referenced in the Kneuper Report is maintained in databases and systems that Facebook developed and designed for its own internal use. Facebook considers these databases and systems confidential and commercially sensitive, including the structure of the databases, the data in them, and how the data can be queried and combined. Information from the databases used in connection with Facebook's ads systems and systems to prevent, detect, enforce against, classify, and document abusive accounts is particularly sensitive because Facebook uses this information to maintain and enhance its advertising offerings and its fake account detection and enforcement systems. Disclosure of this information would give competitors unfair insight into how Facebook structures its databases to support and enhance its products and systems, as well as sensitive and confidential information about Facebook's systems and its ads products that Facebook does not disclose to the general public.

6. It is my understanding based on my responsibilities at Facebook that disclosure of information about or from Facebook's databases and the structure of those databases would also give competitors of Facebook an unfair advantage in implementing their own information management systems by examining the systems that Facebook created and designed for its own internal use.

7. I also understand that the disclosure of the above listed information would allow competitors of Facebook to improperly leverage Facebook's trade secret information to their benefit,

DECLARATION OF BRUNO BIJNENS IN SUPPORT OF DEFENDANT FACEBOOK, INC.'S RESPONSE IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PLAINTIFF'S EXPERT REPORT OF ROBERT KNEUPER, PH.D.

2

Case No.: 3:20-cv-00170-WHA

anticipate Facebook's business decisions, and react in ways they could not have otherwise, had the information been kept confidential.

8. For all of these reasons, this information constitutes proprietary, sensitive, and confidential information that Facebook closely guards to protect against the competitive harm that would result if this information were made available to competitors or potential competitors.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct and that I executed this Declaration on April 14, 2021.

_____
Bruno Bijnens

DECLARATION OF BRUNO BIJNENS IN SUPPORT OF DEFENDANT FACEBOOK, INC.'S RESPONSE IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PLAINTIFF'S EXPERT REPORT OF ROBERT KNEUPER, PH.D.

3

Case No.: 3:20-cv-00170-WHA