UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOTSTRATEGY, CO.,

        Plaintiff,

  v.

FACEBOOK, INC.,

        Defendant.

No. 20-00170 WHA

**OMNIBUS SEALING ORDER RE DKT. NOS. 121, 123, 124, 133, 134**

    This case centers on Facebook, Inc.'s, alleged obligation to refund its advertiser-customers when fake accounts interact with their advertisements. This order addresses requests by Facebook to maintain under seal portions of nine documents—and a tenth in its entirety—the parties seek to file in connection with plaintiff's motion for class certification.

    The public has "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Thus, "we start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

    "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). The party seeking to

maintain court records under seal "must 'articulate compelling reasons supported by specific factual findings.'" *Ibid.* (citation omitted).

A compelling reason to seal a court record is to protect confidential "business information that might harm a litigant's competitive standing" if publicly disclosed. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

In addition, requests to seal "must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b).

Here, Facebook seeks to seal portions of nine filings: plaintiff's expert's opening and rebuttal reports; plaintiff's expert's deposition transcript; defendant's expert's report and deposition transcript; the declaration by a data-scientist-employee of defendant; and the declaration and deposition transcript of an engineering director of defendant designated by defendant under Rule 30(b)(6). In addition, Facebook seeks to maintain under seal the entirety of an internal Facebook document describing the process Facebook uses to identify fake or compromised accounts.

Facebook asserts that the filings warrant sealing because they contain two categories of information which qualify as proprietary information. The first category, which covers the bulk of the sealing requests, is information about "Facebook's systems designed to prevent, detect, enforce against, classify, and document abusive fake accounts" (Dkt. No. 123 at 3). That information includes discussion of databases Facebook used in that effort and "data stored in the databases, the structure of the databases, details about the fields in these databases and what they mean" (*ibid.*).

After close review, this order finds that information satisfies the compelling reason standard because if publicly disclosed, Facebook's efforts to combat the prevalence of fake accounts on its platform and maintain the security of its platform could be undermined, thus harming its competitive standing in the social media industry. Other district judges in this district have found similar information warranted sealing. *See Adtrader, Inc. v. Google LLC*, 2020 WL 6391210 (Judge Beth Labson Freeman); *In re Google Inc. Gmail Litig.*, 2014 WL 10537440 (Judge Lucy H. Koh).

The second category of information Facebook seeks to seal, covering the lesser portion of the total, is data about the performance of advertisements, about how consumer accounts interact with advertisements, advertiser preferences, and the interaction of fake or abusive accounts with advertisements (overlap with the first category). That information also qualifies for sealing because it relates to how Facebook offers highly customizable advertising campaigns to its advertiser-customers, which is the foundation of its business model (*see* Dkt. Nos. 105 at ¶ 5, 125 at 8). Facebook's competitive standing would be harmed by the public disclosure of that information.

In addition, most of Facebook's requests are narrowly tailored to only those portions of the filings containing information that warrant protection; however, some of the requests are not narrowly tailored.

Facebook has otherwise complied with Civil Local Rule 79-5.

Therefore, the motions to seal are **GRANTED IN PART AND DENIED IN PART AS FOLLOWS**:

1. **DKT. NOS. 121, 123.**

Facebook seeks to maintain under seal portions of the expert report of plaintiff's expert, Dr. Robert Kneuper. Facebook seeks to seal the following sentence from Section 1.4, Paragraph 4 of Dr. Kneuper's report: "According to Facebook, these same data are available for other Class members going back more than three years." The sentence refers to Facebook's data about fake accounts discussed in greater detail in the preceding paragraph, which Facebook also seeks to seal.

The quoted sentence only vaguely refers to the proprietary data. It is no more revealing than the following sentence from the same page of the Kneuper report which Facebook does not seek to seal: "Facebook maintains and generates a substantial amount of detailed data relating to fake accounts removed from the platform, advertisers, advertiser spending, and users." Facebook has not explained how the fact that the data "go[es] back more than three years" is sealable given that the class definition itself includes advertisements from much

3

earlier than three years prior and Dr. Kneuper's report elsewhere states that "Facebook has produced data for the Plaintiff which shows how restitution can be measured in this case . . . ."

The public, including would-be bad actors, presumably can add two and two together. Because the only information in Section 1.4, Paragraph 4, Sentence 1, of Dr. Kneuper's report not otherwise disclosed is nonetheless readily inferable from the public information in this case, the motion to seal that sentence is **DENIED**.

Facebook seeks to seal the following sentence from Section 3.2, Paragraph 1 of Dr. Kneuper's report: "According to Facebook, these same data are available for other Class members going back substantially in time." For the reason stated above, the motion to seal that sentence is **DENIED**.

Facebook seeks to seal the following clause from Section 3.2, Paragraph 4 of Dr. Kneuper's report: "Facebook recently described the steps that it undertook in order generate this estimate: . . . ." The clause refers to the percentage of "ad impressions Facebook attributed to accounts that were late deemed invalid by Facebook due to the users' activities subsequently being deemed invalid" for a recent quarter, which is disclosed in the immediately preceding sentence. The steps themselves will remain under seal, but the clause referred to does not disclose proprietary information or otherwise warrant sealing. The motion to seal the opening clause of Section 3.2, Paragraph 4, Sentence 3 of Dr. Kneuper's report is **DENIED**.

The motion to file under seal those specific portions of Dr. Kneuper's report identified in Dkt. No. 123, with the three exceptions described above, is **GRANTED**.

**THE PARTIES MUST REFILE** a redacted version of Dr. Kneuper's report on the public docket with the redactions limited as described above.

2. **DKT. NO. 124.**

Facebook also seeks to file under seal portions of the following documents in support of its opposition to plaintiff's motion for class certification: the report of its expert, Dr. Catherine Tucker; the declaration of John Lyle, an engineering director on the account integrity team at Facebook who Facebook designated under Rule 30(b)(6) for deposition; and the declaration of Jennifer Foster, a data scientist at Facebook.

The portions of those filings Facebook seeks to maintain under seal contain specific information about its advertisers' billing preferences, and its systems for preventing, detecting, and enforcing against abusive or fake accounts, including names of data tables. That information qualifies for sealing under standards described above. In addition, the information is not necessary for the public to understand the case, and the requests to seal are narrowly tailored to cover only those portions of the filings truly warranting sealing.

Therefore, the motion to file under seal, Dkt. No. 124, is **GRANTED**.

| Paragraphs from the Tucker Report Sought To Be Sealed | Portions of Paragraphs Sought To Be Sealed | Support |
|---|---|---|
| Footnote 36 | Sentence 1 - the word in the quotation marks | Lyle Decl. ¶¶ 3-4; Bijnens Decl. ¶¶ 3-7 |
| Footnote 37 | The word in the quotation marks | Bijnens Decl. ¶¶ 3-7 |
| Paragraph 29 | Sentence 3 - the words between "December 2013," and "of ad spending" | Bijnens Decl. ¶¶ 3-7 |
| Paragraph 29 | Sentence 4 - the words between "specifically" and "of Facebook ad spending" and between "April 2018, and" and "of Facebook ad spending" | Bijnens Decl. ¶¶ 3-7 |
| Paragraph 29 | Sentence 7 - the words between "cost-per click basis dropped to" and "in May 2016" | Bijnens Decl. ¶¶ 3-7 |
| Paragraph 29 | Sentence 8 - the words between "reached" and "of total ad spending"; between "peaked at" and "of total ad spending"; and between "declined to" and "of total ad spending" | Bijnens Decl. ¶¶ 3-7 |
| Paragraph 29 | The table in Figure 1 and the word in the quotation marks in the first note below the table | Bijnens Decl. ¶¶ 3-7 |
| Paragraph 30 | Sentence 1 - the words between "February 2021," and "of unique advertisers" | Bijnens Decl. ¶¶ 3-7 |
| Paragraph 30 | Sentence 2 - the words between "**Figure 2**," and "of unique advertisers" | Bijnens Decl. ¶¶ 3-7 |
| Paragraph 30 | Sentence 3 - the words between "declined over the period, with" and "of advertisers" and between "December 2013 and" and "being billed" | Bijnens Decl. ¶¶ 3-7 |

| Paragraphs from the Lyle Declaration in Support of the Opposition Sought To Be Sealed | Portions of Paragraphs Sought To Be Sealed | Support |
|---|---|---|
| Paragraph 12 | Sentence 1 - the words following "account registration process using" to the end of the sentence | Lyle Decl. ¶¶ 3-4 |
| Paragraph 12 | Sentence 2 - in its entirety | Lyle Decl. ¶¶ 3-4 |
| Paragraph 13 | In its entirety | Lyle Decl. ¶¶ 3-4 |
| Paragraph 14 | In its entirety | Lyle Decl. ¶¶ 3-4 |

| Paragraphs from the Lyle Declaration in Support of the Opposition Sought To Be Sealed | Portions of Paragraphs Sought To Be Sealed | Support |
|---|---|---|
| Paragraph 15 | Sentence 4 - in its entirety | Lyle Decl. ¶¶ 3-4 |
| Paragraph 16 | Sentence 3 - the words between "examines" and "of these features"; the words following "features to assess" to the end of the sentence | Lyle Decl. ¶¶ 3-4 |
| Paragraph 17 | In its entirety | Lyle Decl. ¶¶ 3-4 |
| Paragraph 18 | Sentence 2 - in its entirety | Lyle Decl. ¶¶ 3-4 |
| Paragraph 19 | Sentence 2 - in its entirety | Lyle Decl. ¶¶ 3-4 |

| Paragraphs from the Foster Declaration in Support of the Opposition Sought To Be Sealed | Portions of Paragraphs Sought To Be Sealed | Support |
|---|---|---|
| Paragraph 4 | Sentence 1 - the word in the quotation marks | Bijnens Decl. ¶¶ 3-7 |
| Paragraph 5 | Sentence 2 - the word in the quotation marks; the words following "user accounts that are" to the end of the sentence | Lyle Decl. ¶¶ 3-4; Bijnens Decl. ¶¶ 3-7 |
| Paragraph 6 | Sentence 1 - the words between "may be" and "table for violating" | Lyle Decl. ¶¶ 3-4; Bijnens Decl. ¶¶ 3-7 |
| Paragraph 6 | Sentence 2 - the words in the quotation marks | Lyle Decl. ¶¶ 3-4; Bijnens Decl. ¶¶ 3-7 |
| Paragraph 6 | Sentence 3 - the words between "violation types" and "has expanded" | Lyle Decl. ¶¶ 3-4; Bijnens Decl. ¶¶ 3-7 |
| Paragraph 7 | In its entirety | Lyle Decl. ¶¶ 3-4; Bijnens Decl. ¶¶ 3-7 |
| Paragraph 8 | Everything except for the last sentence | Lyle Decl. ¶¶ 3-4; Bijnens Decl. ¶¶ 3-7 |
| Paragraph 9 | Sentence 1 - the words in the quotation marks | Lyle Decl. ¶¶ 3-4; Bijnens Decl. ¶¶ 3-7 |
| Paragraph 10 | Sentence 2 - the word in the quotation marks | Lyle Decl. ¶¶ 3-4; Bijnens Decl. ¶¶ 3-7 |
| Paragraph 11 | Sentence 2 - the word in the quotation marks | Lyle Decl. ¶¶ 3-4; Bijnens Decl. ¶¶ 3-7 |
| Paragraph 12 | Sentence 1 - the words in the quotation marks | Lyle Decl. ¶¶ 3-4; Bijnens Decl. ¶¶ 3-7 |
| Paragraph 13 | Sentence 4 - the words in the quotation marks | Bijnens Decl. ¶¶ 3-7 |
| Paragraph 16 | Sentence 1 - the words in the quotation marks | Lyle Decl. ¶¶ 3-4; Bijnens Decl. ¶¶ 3-7 |
| Paragraph 17 | Sentence 2 - the word in the quotation marks; the words between "lists" and "for each of the ad interactions" | Bijnens Decl. ¶¶ 3-7 |
| Paragraph 18 | Sentence 1 - the word in the quotation marks | Bijnens Decl. ¶¶ 3-7 |
| Paragraph 18 | Sentence 2 - the words following "As of March 30, 2021," to the end of the sentence | Bijnens Decl. ¶¶ 3-7 |
| Paragraph 18 | Sentence 3 - in its entirety | Lyle Decl. ¶¶ 3-4; Bijnens Decl. ¶¶ 3-7 |
| Paragraph 19 | Sentence 3 - the words in the quotation marks | Lyle Decl. ¶¶ 3-4; Bijnens Decl. ¶¶ 3-7 |

3.  **DKT. NOS. 133, 134.**

Facebook also seeks to maintain under seal portions of the following documents plaintiff has filed in connection with its reply in support of class certification: the reply brief itself; the deposition transcripts of John Lyle, Dr. Kneuper, Dr. Tucker; and Dr. Kneuper's rebuttal report. In addition, Facebook seeks to maintain under seal the entirety of a document titled "PDO Labeling Guidelines."

This order finds the information warrants sealing and the requests narrowly tailored. Therefore, the motion to file under seal, Dkt. No. 133, is **GRANTED**.

| Class Certification Reply Filings Sought To Be Filed Under Seal | Portions of Class Certification Reply Filings Sought To Be Filed Under Seal | Support |
|---|---|---|
| Reply | Page 13<br>• Line 6 - the words following "Rule 30(b)(6) witness testified that:"<br>• Lines 7 - 10 - in their entirety | Lyle Decl. ¶¶ 3-4 |
| Facebook's Rule 30(b)(6) Deposition Transcript | Page 114<br>• Lines 5 - 9; 15-25 - in their entirety<br>Page 115<br>• Lines 2 - 6; 8- 21 - in their entirety<br>Page 117<br>• Lines 1 - 6; 9 - 25 - in their entirety<br>Page 118<br>• Lines 2 - 10; 12 - 15; 19 - 25 - in their entirety | Lyle Decl. ¶¶ 3-4 |
| FBDSHR00000489 - FBDSHR00000501 | The document in its entirety | Lyle Decl. ¶¶ 3-4 |
| Class Certification Reply Filings Sought To Be Filed Under Seal | Portions of Class Certification Reply Filings Sought To Be Filed Under Seal | Support |
|  | • The entire document except for the words "Appendix A" and the title of the table immediately beneath the words "Appendix A" |  |
| Dr. Tucker's Deposition Transcript | Page 207<br>• Line 9 - the numerical figure after the dollar symbol | Bijnens Decl. ¶¶ 3-7 |
| Dr. Kneuper's Deposition Transcript | Page 96<br>• Lines 1 - 9; 19<br>Page 97<br>• Line 8<br>Page 110<br>• Lines 5 - 8<br>Page 112<br>• Lines 16 - 24 | Bijnens Decl. ¶¶ 3-7 |

| Class Certification Reply Filings Sought To Be Filed Under Seal | Portions of Class Certification Reply Filings Sought To Be Filed Under Seal | Support |
|---|---|---|
| Dr. Kneuper's Deposition Transcript | Page 97<br>• Line 21 | Lyle Decl. ¶¶ 3-4 |
| Rebuttal Report of Dr. Kneuper | Section 2.2<br>• Page 5 - Paragraph 1, Sentence 2 - the words following "finds that only" to the end of the sentence<br>Section 3.2<br>• Page 9 - Paragraph 1, Sentence 1 - the words following "to show that the" to the end of the sentence<br>• Page 9 - Paragraph 2, Sentence 2 - the words following "a total of" to the end of the sentence<br>• Page 10 - Table 1 - in its entirety<br>• Page 10 - The numerical figure following the dollar symbol in Sentence 2 of the paragraph below Table 1<br>• Page 10 - Footnote 29<br>   ○ the text between "Sources:" and "(FBDSHR00000459.xlsx) and"<br>   ○ the text between "(FBDSHR00000459.xlsx)" and "(FBDSHR00000460.xlsx)"<br>• Page 11, Paragraph 1<br>   ○ Sentence 2 - the words following "based on monthly data" to the end of the paragraph<br>• Page 12, Paragraph 1<br>   ○ The first full sentence in the paragraph - the words following "regarding those ad campaigns" to the end of the sentence<br>• Page 13, First Bullet Point<br>   ○ Sentence 2 - the words following "billing during the Class Period,"<br>Section 3.3<br>• Page 14, Paragraph 2 - Sentences 3 - 5 - in their entirety<br>• Page 15 - Table 2 - in its entirety<br>• Page 15 - the first paragraph below Table 2 - Sentences 2 - 3 - in their entirety<br>Appendix A | Bijnens Decl. ¶¶ 3-7 |

**IT IS SO ORDERED.**

Dated: June 10, 2021

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE