UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOTSTRATEGY CO.,

    Plaintiff,

v.

META PLATFORMS, INC.,

    Defendant.

No. C 20-00170 WHA

**ORDER GRANTING MOTION TO SEAL**

    Facebook seeks to maintain under seal portions of three exhibits filed in support of its motion for summary judgment.

    The public has "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "This right is justified by the interests of citizens in keeping a watchful eye on the workings of public agencies." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted).

    "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point. A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard. That is, the party must articulate compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. In turn, the court must conscientiously

balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1178–79 (cleaned up).

"What constitutes a compelling reason is best left to the sound discretion of the trial court. Examples include when a court record might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citations omitted).

The compelling reasons standard applies to sealing of documents relating to motions for class certification and summary judgment because they are "more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1099.

"A party must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." Civ. L. R. 79-5(a). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L. R. 79-5(c).

*   *   *

The first exhibit is the output of a query of Facebook's database containing data about instances of an ad being shown to a user and generating revenue for Facebook (Simonsen Decl., Exh. 1). The query was designed (Foster Decl. ¶ 11):

> to identify the Facebook user accounts that both registered either a click or a conversion on Plaintiff's ads on the Facebook Site and generated onsite billable revenue from an interaction with Plaintiff's ads, even if the interaction resulting in the charge was something other than click or conversion.

The second exhibit is the output of a query of Facebook's database containing data about accounts Facebook has determined to be fake (Simonsen Decl., Exh. 2). This query was

designed to identify the user accounts that had generated charges from an interaction with plaintiff's ads, identified above, and were also listed in the fake account database.

The third exhibit is the result of a third query and it shows interactions with plaintiff's ad campaigns aggregated by month (Simonsen Decl., Exh. 3).

The information sought to be maintained under seal includes names of databases and fields within those databases that Facebook uses to (1) combat fake accounts and (2) provide advertisers valuable advertising opportunities. Facebook asserts that publication of this information would harm Facebook's competitive standing.

This order agrees. This order finds that the information warrants sealing under the compelling reasons standard. Moreover, the sealing requests are narrowly tailored to those portions of the exhibits directly implicating the stated interests. Facebook has complied with the other requirements of our local rules.

Therefore, the motion is **GRANTED**.

| Exhibits to Simonsen Declaration | Portions of Exhibits Sought To Be Sealed | Support |
|---|---|---|
| Simonsen Declaration Ex. 1 (FBDSHR00000459) | • Column names at the top of all pages<br>• Every row in the second and sixth columns from the left on all pages | Bijnens Decl. ¶¶ 3-6, 8 |
| Simonsen Declaration Ex. 2 (FBDSHR00000460) | • Column names at the top of all pages<br>• Every row in the second, third, and fourth columns from the left on all pages | Bijnens Decl. ¶¶ 3-8 |
| Simonsen Declaration Ex. 3 (FBDSHR00000462) | • Column names at the top of all pages<br>• Every row in the last column from the left on all pages | Bijnens Decl. ¶¶ 3-6, 8 |

**IT IS SO ORDERED.**

Dated: November 18, 2021

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE